BETTIE C. CASSELS, as administratrix of estate of J. E. Cassels, deceased, v. IDEAL FARMS DRAINAGE DISTRICT, a corporation.

23 So. (2nd) 247                                                  June Term, 1945
September 14, 1945                                                Division A

*J. C. Davant,* for appellant.

*H. N. Casebier,* for appellee.

BUFORD, J:

On the 31st day of January, 1942, the plaintiff, J. E. Cassels, filed declaration with bill of particulars attached wherein he claimed recovery of $1750.00 for services rendered. (On the 19th day of January, 1945, J. E. Cassels died intestate and his widow Bettie C. Cassels was appointed as Administratrix of his Estate and was substituted as plaintiff). On the 6th day of April, 1942, the defendant filed pleas to the declaration. Demurrer was interposed to some of said pleas as was also a motion to strike. The court sustained the motion as to the 2nd, 4th and 5th pleas interposed which left the case at issue on two pleas: first, "that it never was indebted as alleged," and third, "that before action he discharged and satisfied plaintiff's claim by payment."

On May 4th, 1943, plaintiff joined issue on the two pleas above quoted. On August 10, 1943, the court entered an order as follows:

"This cause came on before me to be heard by agreement of counsel without a jury for final judgment. The Court finds and takes jurisdictional notice that a suit was filed on May 11, 1933, Case No. 16072, on the chancery side of this Court by A. W. Burke against the defendant, Ideal Farms Drainage District; that immediately upon the filing of the Bill of Complaint in said cause Robert T. Dewell and W. A. .Hardaker were appointed receivers of the said Ideal Farms Drainage District; that thereafter D. P. Nunn substituted as receiver in said cause in the place of the said Dewell and Hardaker, and thereafter L. D. Oxford was substituted as receiver in the place of the said D. P. Nunn; that the said cause is undisposed of and is yet pending in the chancery court of Polk County, Florida; that all the assets are in the hands of a duly appointed and acting receiver and that any claim or claims of the plaintiff in this suit should be brought against said receiver and therefore this suit at law will not lie under the circumstances, no consent of the receiver to be sued in this cause having been shown.

"WHEREFORE, the premises considered, IT IS HEREBY ORDERED AND ADJUDGED that this cause be and the same is hereby dismissed at the cost of plaintiffs.

"DONE AND ORDERED in Chambers at Bartow, Florida, this 10th day of August, A. D. 1943."

On August 23rd, 1943, plaintiff moved to vacate and set aside the order of dismissal and prayed judgment for plaintiff. On the 27th day of August 1943 the Court entered an order vacating the order dismissing the cause and entered final judgment as follows:

### "FINAL JUDGMENT

"The plaintiff and defendant being each present and represented by Counsel in open Court on the second day of April, 1943, and upon call the above case for trial, agreed and stipulated that the same should be heard, tried and determined by the Court without a jury, trial by jury being

then and there expressly waived by each of said parties, and the Court having taken testimony and heard evidence offered by both parties, and having heard argument by counsel for both parties, and the Plaintiff having proven his claim and the Defendant having failed to sustain its pleas or either of them;

"IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff J. E. Cassels, do have and recover of and from the defendant Ideal Farms Drainage District, a corporation, the sum of Seventeen Hundred Fifty and no/100 Dollars principal and Ten and 10/100 Dollars the costs of this action to be taxed by the Clerk of this Court, for which let execution issue.

"DONE AND ORDERED at Bartow, Florida, this the 27th day of August, 1943."—which judgment was recorded August 23, 1943.

So far as the record shows, this judgment became final by the running of time. Thereafter, on the 19th day of October, 1944, the Court made and entered judgment vacating the aforesaid Final Judgment and dismissing the cause. From this latter judgment plaintiff appeals.

The transcript of the record here does not show any motion for new trial addressed to the judgment entered on August 27, 1943. Therefore, it appears from the record that the court had lost jurisdiction of said judgment and was without power to vacate the same, unless it should appear that the court was without jurisdiction to enter such judgment, and this condition is not shown. But, aside from this, it appears that the judgment which is the basis for this appeal was erroneous because it appears on the face of the order dated March 10, 1943, that it was based upon matters outside the record in the instant case.

There was no plea raising the question of proper parties to the suit. There was no plea challenging the declaration upon the ground that it did not make a receiver party to the suit. Appellee contends that this question was presented by its pleas of the general issue. We think this is untenable because there is nothing in either the First or Third Plea that raises any question as to parties. The receivership was not pleaded.

It appears to be well settled in this jurisdiction, (1) that where jury is waived and parties voluntarily go to trial before the judge, the judgment entered by such judge is just as conclusive as if it had been rendered on a verdict of a jury.

In New York Life Insurance Co. v. Tedder, 113 Fla. 649, 153 So. 145, we held:

"It is trial judge's duty in jury waived case to consider only facts established by record, and he cannot consider facts outside record of which he has personal knowledge."—To the same effect was our holding in Atlas Land Corporation v. Norman, 116 Fla. 800, 156 So. 885.

The lower court committed reversible error in taking judicial notice of the chancery order entered in a different case and outside the record in the present case when such order had not been pleaded in the instant case. Therefore, the judgment appealed from is reversed with directions that the judgment of August 27, 1943, be reinstated.

It is so ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.