PER CURIAM.
Plaintiff has appealed from an order dismissing with prejudice his complaint for divorce. The grounds alleged in support of his prayer for relief are those of extreme cruelty and constructive desertion. The defendant, appellee here, answered the complaint denying the allegations thereof. One of the defenses interposed in her answer consisted of a motion to dismiss the complaint on the ground that the court lacked jurisdiction over the subject matter of the cause in that the issues upon which plaintiff sought relief had been formerly adjudicated in a proceeding theretofore litigated in the State of Washington. It was alleged that in that proceeding defendant had been the successful party. Defendant attached to her answer a copy of the final decree rendered in the suit previously litigated in Washington.
In advance of the taking of testimony the defendant called up for hearing before the court her motion to dismiss the complaint on the jurisdictional ground plead in her answer. At the hearing on this motion defendant offered and the court admitted in evidence a copy of the complaint filed in the Washington action, together with an affidavit signed by a Washington attorney expressing his- opinion that one of the grounds for divorce litigated in the courts of Washington had been interpreted as being synonymous with one of the grounds for divorce alleged by the plaintiff in the cause then before the court. It was upon consideration of the complaint and the documentary evidence offered in *172 support of the motion to dismiss that the court entered the order from which this appeal has been taken.
The complaint in this case was wholly sufficient to state a valid cause of action for divorce under the statutes of Florida. It contained no allegations affirmatively showing, either directly or by inference, that the grounds for divorce sued upon had been formerly adjudicated in any other jurisdiction.
The defendant’s motion to dismiss the complaint was on the stated ground that the court lacked jurisdiction over the subject matter of the cause. The reasons given in support of this ground, and the evidence adduced in proof thereof, relate solely to an affirmative defense of res adjudicata. The record is devoid of any evidence bearing upon the court’s jurisdiction, or lack thereof, over the subject matter of the cause. The order granting the motion and dismissing the complaint was based entirely upon the answer, other pleadings, exhibits and evidence relating to the defense of res adjudicata.
The defense of res adjudicata is affirmative in nature and must be plead in an answer.[1] Where, as in this case, the complaint does not allege facts which affirmatively show that the pleader is not entitled to the relief sought because the grounds in support thereof have been formerly adjudicated in another proceeding, such defense cannot be raised by motion for the reason that the plaintiff should not have the burden of anticipating a defense and then overcoming it in his initial pleading.[2] The burden is on the defendant to prove his affirmative defenses which cannot be done under the circumstances here present in proceedings on a motion to dismiss.[3]
It, therefore, follows that the order dismissing the complaint on the ground that the court lacked jurisdiction over the subject matter of the cause was error. The order appealed from is reversed and the cause remanded for further proceedings.
CARROLL, DONALD, K., and WIG-GINTOiN, Judges, concur.

. See Florida Rules of Civil Procedure, Rules 1.8(d) and 1.11(b), 30 F.S.A.

. Hough v. Menses, Fla., 95 So.2d 410, 412.

. Stone v. Stone, Fla.App., Third District, 97 So.2d 352.