112 So.2d 875 (1959)
Louis MOSKOVITS, individually and as Executor of the Estate of Sidney Moskovits, Deceased, Mrs. Ann Jones and Miss Cecil Moskovits, Appellants,
v.
Louise MOSKOVITS, Appellee.
No. B-72.
District Court of Appeal of Florida. First District.
June 9, 1959.
Rehearing Denied July 3, 1959.
*877 Gillespie & Gillespie, New Smyrna Beach, and Hall, Sweeny & Godbee, DeLand, for appellants.
Raymond, Wilson, Karl & Fink, Daytona Beach, for appellee.
WIGGINTON, Judge.
This is an interlocutory appeal by which defendants seek review of an order denying their motion to dismiss and strike a complaint in chancery.
The complaint is brought by the widow of a deceased testator and contains allegations which may be summarized as hereinafter set forth.
After testator's death his will was duly admitted to probate, and defendant Louis Moskovits was appointed and is now serving as executor thereof. The will excludes the widow from its benefits and names defendants as the sole beneficiaries thereunder.
During their marriage plaintiff was forced to separate from testator due to his misconduct. During the period of their separation testator executed the will in question, after which he sought to effectuate a reconciliation with plaintiff and obtain her forgiveness for his marital misconduct. As an inducement for such reconciliation and forgiveness, he promised and assured plaintiff that the mentioned will would be revoked. As a consequence, a reconciliation was effected and thereafter the testator assured plaintiff that the will had been revoked, and in the event of his death she would be well provided for.
Prior to his death the testator, together with defendants, were members of a partnership as evidenced by a written agreement, copy of which is attached to the complaint. Notwithstanding the provisions of the agreement, testator owned all or one-half of the partnership assets, and defendants were intended to have only a one-fourth interest each in the earnings or profits derived from the operation of the partnership business.
During his lifetime testator reposed great trust and confidence in defendants, all of whom were not only his blood kin but also his business associates. Defendants were permitted to handle large sums of money belonging to testator, and he also placed in them title to bonds and other assets to be held for him in trust.
The inventory filed by the executor fails to show any proper determination as to the value of the partnership interest owned by the estate, and no proper accounting has been made between the estate and the surviving partners. In addition, the property held by defendants in trust for testator has never been accounted for nor inventoried as assets of the estate.
The executor has unlawfully conveyed to himself as an individual all of the estate's interest in the partnership assets, as well as its interest in certain designated shares of capital stock in which the executor claimed to own an undivided one-half interest.
Plaintiff asserts that the extent and value of her dower interest in testator's estate depends in part upon a proper determination of the estate's interest in the partnership assets, and an accounting by defendants for the assets wrongfully withheld by them.
The complaint prays for the appointment of an administrator ad litem to represent the estate during this litigation; that a prompt, proper and full accounting be had of all the partnership affairs and the true nature, extent and fair value of the estate's interest in the partnership be fixed and determined. It is further prayed that defendants be required to disclose and account for all assets owned by the estate and held *878 by them in trust for the testator, and that the value of such assets be fixed and determined. It is prayed that upon final hearing the sales of estate assets made by the executor to himself individually be declared void and set aside, that the purported last will and testament of the testator be equitably revoked, and that a constructive or resulting trust be imposed upon all parties received by defendants from the estate as purported beneficiaries thereof.
To the complaint defendants filed a motion to dismiss and to strike the material portions thereof. The executor filed a separate objection to the appointment of an administrator ad litem. Defendants also filed a pleading entitled "Supplemental Answer with Motion to Dismiss" although the record does not disclose that an original answer had theretofore been filed in the cause.
The foregoing defensive pleadings consist almost wholly of allegations which assert the defenses of res adjudicata, estoppel by judgment or equitable estoppel, all of which will more fully appear from the proceedings in connection with the administration of decedent's estate in the County Judge's Court of Volusia County, of which records and proceedings the movant asks the chancellor to take judicial notice. The so-called supplemental answer alleges that plaintiff claimed and was awarded dower in decedent's estate by judgment duly entered by the County Judge, copy of which is attached to the answer as an exhibit. It is averred that plaintiff is therefore barred from now seeking revocation of the will as prayed for in her complaint.
By the order here assaulted it is apparent that in his consideration of the several motions made by defendants, the chancellor took judicial notice of and considered the record and proceedings in the County Judge's Court relating to the administration of decedent's estate. This, he was not authorized to do.[1] The order contains multiple conclusions of law on which we will separately comment.
At the outset it must be borne in mind that in considering a motion to strike or dismiss a complaint, all matters well pleaded are admitted as true by the movant. It is also fundamental that unless the complaint clearly shows by its allegations that the relief prayed for is barred by res adjudicata, estoppel by judgment or equitable estoppel, such defenses are not available by motion, but must be specifically pleaded as affirmative defenses to the complaint.[2] Such defenses cannot, as was done in this case, be asserted by allegations of fact stated in the motions, nor can they be established by the introduction of extrinsic evidence at the hearing thereon.[3]
Defendants contend on appeal that plaintiff, having recognized the validity of the will by claiming and accepting the fruits of a judgment for dower entered in the estate by the County Judge, is now estopped from attacking the will by her suit seeking its equitable revocation. An examination of the complaint fails to reveal any allegations from which it could be reasonably inferred that plaintiff claimed or was awarded dower in the estate. It merely alleges an oral contract between plaintiff and the testator to revoke the will, and asks for specific performance thereof. The power to grant the relief prayed for lies exclusively within the equity jurisdiction of the circuit court.[4] Whether plaintiff, *879 by claiming and accepting an award of dower in the estate, is now estopped from seeking revocation of the will, must depend upon proof offered in support of such issue when made by proper pleadings filed in the cause. This defense cannot be interposed by a motion to strike or dismiss on the present state of the record.
In his order denying defendants' motions, the Chancellor held that the order of the County Judge enforcing an agreement to settle plaintiff's dower in the inventoried assets of the estate effectively adjudicated only such issues as were encompassed within the purview of such order. He held, however, that whether deceased made an agreement with plaintiff to destroy his will was a question which the County Judge did not adjudicate. The Chancellor concluded that if such an agreement is established by competent evidence, the terms thereof can be enforced.
The foregoing conclusions reached by the Chancellor were clearly erroneous and must be rejected. There was no issue properly before him as to whether plaintiff had claimed or been awarded dower in the estate, or whether she is estopped as a matter of law from now seeking equitable revocation of the will. He was not authorized to judicially notice the records and proceedings in the County Judge's Court relating to the administration of decedent's estate in arriving at the conclusions expressed in his order. Nor was he authorized to consider the judgment for dower, copy of which is attached to defendants' supplemental answer, in passing upon defendants' motion to strike and dismiss. The issues on which the Chancellor purported to rule must await development by proper pleadings before a ruling thereon will be timely.
Appellants further contend that the question of the estate's interest in the partnership has been fully adjudicated by the County Judge in proper proceedings had in connection with the administration of decedent's estate. They also contend that the County Judge has full authority to discover any undisclosed assets owned by the estate which may now be held by them, and therefore the Circuit Court should not be permitted to encroach upon the jurisdiction of the County Judge by assuming to act on these phases of the complaint. It is urged that the Chancellor committed error in refusing to strike those portions of the complaint which seek relief in respect to the foregoing matters.
Again we repeat that there are no averments in the complaint which affirmatively show that the estate's interest in the partnership's assets has been considered or adjudicated by the probate court. The complaint does contain allegations, however, which assert that a dispute exists between plaintiff and defendants with respect to title to certain partnership assets, as well as to other assets of the estate which defendants hold as trustees for decedent. Although a county judge, sitting as a judge of probate, has quasi administrative power to make an administrative finding of what assets belong to the estate for the purpose of assigning dower to a widow, any dispute between the widow and third parties as to title to property claimed to belong to the estate lies exclusively within the jurisdiction of a court of equity.[5] The power to impose a constructive or resulting trust on assets belonging to the estate is likewise a matter cognizable only in a court of equity.[6]
In his order denying defendants' motions the Chancellor held that the questions raised by the complaint as to whether the deceased was the owner of all or one-half of the assets devoted to the alleged partnership, and whether the defendants or any of them are holding assets in trust for the decedent, are questions which the County *880 Judge did not adjudicate. Such conclusion could have been reached by the Chancellor only by taking judicial notice of the records and proceedings in the County Judge's Court. Since such action was beyond the power of the Chancellor, his conclusions in this regard are erroneous.
For the foregoing reasons expressed in this opinion we hold that the complaint is not subject to dismissal on the motion filed by defendants, and the Chancellor's order denying such motion is affirmed. For the same reasons the Chancellor was correct in refusing to strike the material portions of the complaint. Upon consideration of the record before us, it has not been made to clearly appear that the Chancellor abused his discretion in appointing an administrator ad litem to represent the estate in this cause.
Affirmed.
STURGIS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Kostecos v. Johnson, Fla. 1956, 85 So.2d 594; Kelley v. Kelley, Fla. 1954, 75 So.2d 191; Cassels v. Ideal Farms Drainage Dist., 156 Fla. 152, 23 So.2d 247; 31 C.J.S. Evidence, § 50d, p. 627.
[2] Chambers v. Chambers, Fla.App. 1958, 102 So.2d 171; Stone v. Stone, Fla. 1957, 97 So.2d 352; Hough v. Menses, Fla. 1957, 95 So.2d 410. Rule 1.8(d), F.R.C.P. 30 F.S.A.
[3] Chambers v. Chambers, see note 2.
[4] Perry v. Benson, Fla.App. 1958, 107 So.2d 213; Biscayne Associates Inc. v. Carson, Fla.App. 1958, 104 So.2d 871; McAllister v. McAllister, 147 Fla. 647, 3 So.2d 351.
[5] In re Lawrence's Estate, Fla. 1950, 45 So.2d 344.
[6] Wadlington v. Edwards, Fla. 1957, 92 So.2d 629; Anglin v. Lauderdale-By-The-Sea, Fla. 1952, 60 So.2d 619.