WIGGINTON, Chief Judge.
Plaintiffs have appealed from a final judgment dismissing with prejudice their third amended complaint. The sole question to be determined is whether the allegations of the complaint, if true, are sufficient to authorize equitable relief.
The complaint avers that plaintiffs are owners of a parcel of land in Duval County which they desire to use for a dwelling, for agricultural and for timber raising and cutting purposes. Their land is shut off and hemmed in on the east by the right of way of defendant Seaboard, and on the north, west and south by lands privately owned by others who have refused to grant plaintiffs a way of ingress and egress from their property to United States Highway No. 17 running north from Jacksonville to Fernandina. Defendant Seaboard, whose right of way is sixty feet wide and lies between the eastern boundary of plaintiffs’ land and the highway, has likewise refused and denied plaintiffs a way of ingress and egress across its right of way to the highway.
As early as the year 1881 a public road was established by the owners of property lying south of that owned by plaintiffs. This road is sixty feet in width and runs southward from plaintiffs’ property adjacent to the railroad right of way to an east-west road which crosses the railroad right of way and intersects with Highway No. 17. Since the establishment of the road in 1881, it has been used by the public, including the defendants Darby who own and operate a sawmill on land adjacent to the south of plaintiffs’ property. The deed under which the Darbys claim title to their land specifically excepts therefrom the public road mentioned above. In 1939 the owners of the land lying southward from plaintiffs’ property executed a partition deed by which they conveyed to each other numerous tracts and parcels of lands in the immediate neighborhood of the land owned by plaintiffs and the Darbys. The partition deed describes the various parcels being conveyed thereby with reference to a plat and survey made by one Yancey, which plat is recorded in the public records of Du-val County. This plat shows the public road in question which was excluded from the lands conveyed by the partition deed. Various parcels of land have been sold with reference to the plat subsequent to its recording in 1939.
In 1934, after acquiring title to their parcel of land, the Darbys constructed on the road right of way a lumber shed and warehouse which they have occupied and maintained from that date to the date of the filing of this suit. In 1944 the Darbys and Seaboard entered into an agreement whereby a railroad spur line was constructed from the mainline of Seaboard across the road in question onto the land owned by the Darbys. Neither the Darbys nor their predecessors in title have returned the land lying within the boundaries of the public *370 road for taxes, nor have they or anyone else paid taxes on the road right of way from 1881 to the date of the filing of the complaint. Plaintiffs acquired their property in 19SS relying upon the recorded Yancey plat showing the public road in question as a means of ingress and egress from their property to Highway 17. When plaintiffs attempted to improve the road so as to permit access to their property they were stopped by the Darbys, who threatened them if they attempted to use the road, and who immediately thereafter placed obstructions across the road so as to prevent its use by plaintiffs in reaching their land. The road has been continuously used by the public for more than twenty years prior to the filing of the suit, and has been used as a public road since 1881.
The complaint prays for a decree granting plaintiffs a way of necessity eastward from their land across the railroad right of way to Highway 17, or in the alternative, for a mandatory injunction requiring the Darbys to remove the obstructions placed by them across the public road and enjoining them from molesting or interfering with plaintiffs in their use of the road, and from further obstructing or blockading the same. It is further prayed that if the road in question is found to be a private road, then plaintiffs be granted a way of necessity over the road from which they are willing to pay such compensation as may be fixed by the court.
The judgment of dismissal is silent as to which grounds of the motions to dismiss were sustained by the lower court in reaching its conclusion. We must, therefore, look to the motions themselves and the grounds asserted therein for the purpose of determining the propriety of the lower court’s action. It appears that the motions are primarily predicated upon the ground that the complaint fails to state a cause of action on which the relief prayed can be granted.
Plaintiffs’ right to a way of necessity from their property to the public highway is controlled by Section 704.01(2), F.S., F.S.A., which is as follows:
“(2) Statutory way of necessity exclusive of common law right: Based on public policy, convenience and necessity, a statutory way of necessity exclusive of any common law right exists when any land or portion thereof outside any municipality which is being used or desired to be used as a dwelling or for agricultural or for timber raising or cutting or stockrais-ing purposes shall be shut off or hemmed in by lands, fencing or other improvements of other persons so that no practicable route of egress or ingress shall be available therefrom to the nearest practicable public or private road. The owner or tenant thereof or anyone in their behalf lawfully may use and maintain an easement for persons, vehicles, stock and electricity and telephone service over and upon the lands which lie between the said shut-off or hemmed-in lands and such public or private road by means of the nearest practical route, considering the use to which said lands are being put; and the use thereof, as aforesaid, shall not constitute a trespass; nor shall the party thus using the same be liable in damages for the use thereof; provided, that such easement shall be used only in an orderly and proper manner.”
Defendant Seaboard quite correctly calls our attention to the absence in the complaint of any specific allegations that the property owned by plaintiff lies outside any municipality. Although, by inference, we might assume that lands to be used for agriculture and for raising and cutting timber would in all probability lie without the boundaries of any municipality, it is apparent from the complaint that plaintiff failed to specifically allege this necessary element of the above quoted statute.
The defendants Darby contend that the complaint is insufficient because of its failure to aver that the original owner’s *371 dedication of the road in question was formally accepted by the county, or that the public user thereof was adverse to the fee owners of the land on which the road is located. The complaint specifically alleges that the road shown on the recorded plat of the property in question was dedicated by the owners as a public road and has been used by the public since 1881 as a public road. The allegations of the complaint, examined in connection with the plats and copies of deeds attached thereto as exhibits, clearly reveal that title to the road was never conveyed to the Darbys and was specifically excluded in the partition of the property between the former owners thereof. Since the Darbys are shown by the complaint to have never owned title to the land lying within the road right of way, and have never returned nor paid taxes thereon, it was not necessary that the complaint allege that the public user of the road was adverse to the Darbys. If the offer of dedication by recordation of the plat has been accepted by public user, it is not necessary that the complaint allege a formal acceptance of the dedication by the county.[1] If as argued by the Darbys, the road described in the complaint never in fact became a public road because of the failure of the county to formally accept the dedication, or the failure of the public to use the road in such manner and over a period of time sufficient to constitute acceptance of the dedication[2], such defenses must be affirmatively plead and issue thereon made by the pleadings on which proof may be offered at the trial. If as contended by the Darbys in their brief, plaintiffs and their predecessors in title are guilty of laches or are estopped from claiming any right to the use of the road, such defenses likewise must be affirmatively plead in order that the issues made thereby will be susceptible of determination by the court upon the evidence offered on trial.[3]
We are unable to agree that from the allegations of the complaint it affirmatively appears that plaintiffs are guilty of laches or of acts constituting estoppel to such an extent as would bar them from the relief prayed. Whether the road in question ever became a public road so as to vest plaintiffs with the right of continued use thereof would not necessarily be disposi-tive of plaintiffs’ rights to a statutory way of necessity over the Darby’s land if entitlement thereto is determined by the court. Likewise, whether a way of necessity over the obstructed road, over the Darby land or over the railroad right of way is the most practicable route of egress or ingress to plaintiffs’ land is a matter for decision by the chancellor on the proof adduced at trial.
In short, it should be noted that appellants have alleged in substance that their land is shut off and hemmed in on all sides, and from this situation they seek equitable relief. Our Supreme Court has recognized that:[4]
“on an appeal from an order granting a motion to dismiss a bill of complaint, the basic question, therefore, is whether the bill contains any equity as against the party who files the motion; and if it does the motion should be denied and the plaintiff allowed to adduce evidence in behalf of his pleading.”
Considering the amended complaint purely from the standpoint of a pleading, we find ourselves unable to say that it wholly fails to set forth a cause of action as to the Darbys.
*372 For the foregoing reasons we are of the view that the trial judge erred in dismissing the complaint with prejudice with respect to the Darbys. Although the chancellor was correct for the reason mentioned above in his dismissal of the complaint with respect to defendant Seaboard and his judgment must be affirmed, we remand the cause with directions that plaintiff be allowed ten days from the date of the filing of our mandate within which to amend his complaint to allege that his property lies without the boundaries of any municipality, if he be so advised. Upon the filing of such amendment, the cause shall proceed as provided by law. If no such amendment is filed by plaintiffs within the time herein limited, the order of dismissal with prejudice as to defendant Seaboard shall stand affirmed.
STURGIS and CARROLL, DONALD, JJ., concur.

. Robinson v. Town of Riviera, 157 Fla. 194, 25 So.2d 277; Kirkland v. City of Tampa, 75 Fla. 271, 78 So. 17.

. Couture v. Dade County, 93 Fla. 342, 112 So. 75.

. Rule 1.8(d), F.R.C.P., 30 F.S.A.; Moskovits v. Moskovits, Fla.App.1959, 112 So.2d 875; Chambers v. Chambers, Fla.App.1958, 102 So.2d 171.

.Lykes Bros. v. Board of Com’rs of Everglades Drainage Dist., Fla.1949, 41 So.2d 898, 900; Archibald v. Curry, 140 Fla. 189, 191 So. 308.