PER CURIAM.
Upon hearing argument on this interlocutory appeal and on a motion for a constitutional writ, involving the right to the job or office of sheriff of Metropolitan Dade County, and prior to rendering decision thereon, this court has concluded that the appeal should have been taken to the Supreme Court of Florida because it appears that the interlocutory order involved is made in a chancery suit in which the final decree would be directly appeal-able to the Supreme Court, in that such decree necessarily will pass on the validity of portions of the Metropolitan Dade County Charter and will construe a controlling provision of the Florida Constitution as it relates to the Metropolitan Dade County government. See Art. V, § 4(2), Fla. Const., F.S.A. By the constitutional provision just cited, it is provided that appeals-from trial courts may be taken directly to-the Supreme Court from such orders or decrees. At the hearing before us counsel appeared to be of the view that the appeal was within the jurisdiction of the Supreme Court but took the position that appeal to this court was optional. Such is not the case. See Stein v. Darby, Fla.1961, 134 So.2d 232, 236. The provision-of the Constitution relating to the jurisdiction of the district courts of appeal excepts-from the judgments and orders appealable to the district courts “those from which appeals •may be taken direct to the supreme-court.” Article V, § 5(3), Fla.Const. We have noted the following instances in which the Supreme Court entertained direct appeals in matters relating to validity of actions under the Home Rule Charter of Metropolitan Dade County: Dade County v. Kelly, Fla.1958, 99 So.2d 856; Chase v. Cowart, Fla.1958, 102 So.2d 147; Dade County v. Dade County League of Municipalities, Fla.1958, 104 So.2d 512; Dade County v. Young Democratic Club of Dade County, Fla.1958, 104 So.2d 636; Miami Shores Village v. Cowart, Fla.1958, 108 So.2d 468; City of Miami Beach v. Cowart, Fla.1959, 116 So.2d 432.
*384 Being of the view that we do not have jurisdiction, and in order that the question as to jurisdiction of this appeal may be determined by the court of paramount jurisdiction, we make this transfer of the cause to the Supreme Court under rule 2.1, subd. a(5) (d), F.A.R., 31 F.S.A. Whereupon, it is ordered that the notice of appeal, together with' all papers filed prior to February 12, 1963, shall on that date be transferred to the Supreme Court of Florida as the proper court having jurisdiction in this cause.