330 So.2d 57 (1976)
Delmer L. GLASS and Estell Glass, His Wife, Appellants,
v.
Linda Glass ARMSTRONG, Appellee.
No. Z-404.
District Court of Appeal of Florida, First District.
April 13, 1976.
Clinton E. Foster, Panama City, for appellants.
Russell R. Stewart, Panama City, for appellee.
BOYER, Chief Judge.
In 1973, appellants filed a petition for adoption of their three-year-old grandson which petition was denied. Two years later they filed another petition for adoption of the same child, in which latter petition they alleged the filing and denial of the prior petition, and further alleged a subsequent substantial change in circumstances. The mother of the child, appellee here, filed a motion to dismiss, alleging res judicata. The learned trial judge thereupon entered the order here appealed in which he recited:
"THIS CAUSE having been heard before the undersigned upon the Respondent's Motion to Dismiss and the Court having reviewed the file and pleadings and having taken judicial notice of the other proceedings in this judicial circuit involving the same parties and issues and having heard argument of counsel, it is therefore:
"ORDERED AND ADJUDGED that the amended complaint be and the same is hereby dismissed on the grounds of res judicata."
Speaking to the propriety of a trial judge taking judicial notice of the records in other cases not introduced into evidence, the Supreme Court of Florida in Kostecos v. Johnson, Sup.Ct.Fla. 1956, 85 So.2d 594 said:
"Our consideration of the record on this appeal is complicated by the fact that in entering a summary judgment for the *58 appellee, the trial judge took judicial notice of the records in the county delinquent tax proceeding and in the drainage district foreclosure proceeding. Apparently both parties agreed to this and the trial judge recited in his judgment that he had done so. Although no error is assigned on this proposition, both parties evidently agreeing that the procedure was correct, we are constrained to point out that the trial court is not authorized to take judicial notice of the records in a different case pending or disposed of in the same court but outside the record in the case before him. See Adams v. Adams, 126 Fla. 217, 170 So. 697, and Cassels v. Ideal Farms Drainage District, 156 Fla. 152, 23 So.2d 247. The case before us illustrates the sense of the rule.
"The judgment recites that the trial judge took judicial notice of the entire contents of the records in the two delinquent tax cases. Undoubtedly he could conveniently call upon the office of the clerk of the court to bring the records before him and make them available for his examination in arriving at a judgment. Upon appeal, however, this court is not similarly situated and we are, therefore, obviously without the information contained in the two records in the Circuit Court of Sarasota County which may or may not have properly constituted the basis of the summary judgment that was entered because these records do not constitute a part of the record on appeal unless they were appropriately introduced in evidence either in the original or by certified copy and then included in the record sent to this court for consideration." (85 So.2d 596)
In Moskovits v. Moskovits, Fla.App. 1st 1959, 112 So.2d 875, this Court held a circuit judge to be without authority to judicially notice the records and proceedings in a County Judge's Court in the same county.
The more important issue, however, is whether the defense of res judicata may be raised by motion to dismiss or whether it is an affirmative defense requiring pleading and proof.
Rule 1.140(b) RCP provides that except for seven enumerated exceptions which may be made by motion, defenses shall be asserted in responsive pleadings. Res adjudicata is not one of the enumerated exceptions authorized to be raised by motion.
Rule 1.110(d) provides that res adjudicata is an affirmative defense to be raised as such, but that "Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under Rule 1.140(b); ..."
As above recited, appellants' amended petition for adoption specifically alleged a substantial change in circumstances since denial of the prior petition, and enumerated those changes.
The controlling principle of law dispositive of this case is found in Moskovits v. Moskovits, supra, wherein Judge Wigginton, speaking for the court, said:
"At the outset it must be borne in mind that in considering a motion to strike or dismiss a complaint, all matters well pleaded are admitted as true by the movant. It is also fundamental that unless the complaint clearly shows by its allegations that the relief prayed for is barred by res adjudicata, estoppel by judgment or equitable estoppel, such defenses are not available by motion, but must be specifically pleaded as affirmative defenses to the complaint. Such defenses cannot, as was done in this case, be asserted by allegations of fact stated in the motions, nor can they be established by the introduction of extrinsic evidence at the hearing thereon." (112 So.2d 878, footnotes deleted)
To the same effect is Chambers v. Chambers, Fla.App. 1st 1958, 102 So.2d 171.
*59 Reversed and remanded for further proceedings consistent herewith.
SMITH, J., and COX, JOHN S., Associate Judge, concur.