HERSEY, Chief Judge.
Pan American Stone Company, Inc., defendant below in a breach of contract action, appeals a final judgment, rendered after a bench trial, in favor of appel-lee.
The trial court found that
[bjecause of another case which Defendant recently had in front of this Court, also dealing with its inventory records, the Court finds that the Defendant’s testimony and evidence regarding the alleged delivery of all of the tile under the contract to be incredible....
This was reversible error. If a court proposes to take judicial notice of evidence in another case, that evidence must be brought into the record of the case under consideration. National Union Fire Insurance Company of Pittsburgh, Pennsylvania v. Underwood, 502 So.2d 1325 (Fla. 4th DCA 1987). As stated in Underwood,
[t]he problem with a trial judge’s browsing through his own court records or calling upon his memory of other cases is that the appellate court is restricted to the record before it to reach its determination of the soundness of the decision below. Absent those judicially noticed records or documents, such review is impossible.
Id. at 1328. See also Cassels v. Ideal Farms Drainage District, 156 Fla. 152, 23 So.2d 247 (1945).
We also note that there was insufficient evidence to support the award of consequential damages, as such damages are recoverable only for “[a]ny loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise” and “[ijnjury to person or property proximately resulting from any breach of warranty.” § 672.715(2), Fla. Stat. (1987).
We reverse and remand for a new trial on all issues.
REVERSED AND REMANDED.
DOWNEY and DELL, JJ., concur.