POLEN, Judge.
This is a consolidated appeal from an order adjudging appellant in contempt of court and modification of lump sum alimony. We affirm in part and reverse and remand in part.
Our review of the record reveals that the trial court in its June 17, 1988, order offered two alternative purge provisions to appellant for her to avoid incarceration. Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). First, she could return the property to ap-pellee or she could replace the property at her own expense. Appellant, therefore, possessed the keys to her cell. Moreover, appellant was obligated to obey the trial court’s order until it was vacated or modified by trial court or reversed on appeal. Joannou v. Corsini, 543 So.2d 308 (Fla. 4th DCA 1989). Thus, we affirm the trial court’s order of contempt and commitment dated June 17, 1988.
On the other hand, we find the trial court’s order dated September 12, 1988 must be reversed on two grounds. We find that the order constituted an impermissible modification of lump sum alimony. Urbanek v. Urbanek, 484 So.2d 597 (Fla. 4th DCA 1986), cause dismissed, 491 So.2d 281 (Fla.1986). In addition, the trial court erred in taking judicial notice of another court’s restraining order without having the order brought into the record. Pan American Stone Co., Inc. v. Meister, 527 So.2d 275 (Fla. 4th DCA 1988). We are sympathetic with the trial court’s apparent frustration in obtaining the former wife’s compliance with prior court orders. However, he must fashion some form of relief other than by an impermissible modification of the meager lump-sum award afforded the wife. (It is important to note that neither party appealed the final judgment of dissolution.) Appellant’s other points raised on appeal are without merit.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
GUNTHER and GARRETT, JJ., concur.