# Third District Court of Appeal

## State of Florida

Opinion filed March 4, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-66
Lower Tribunal No. 07-43714
_____

**Mario Taverna,**
Appellant,

vs.

**Bank of America,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Debra Kay Cohen, for appellant.

Arnaldo Velez, for appellee.

Before WELLS and SUAREZ, JJ., and LEVY, Senior Judge.

PER CURIAM.

Appellant Mario Taverna ("Taverna") challenges entry of judgment in favor of Marisela Fonseca ("Fonseca") on his claims relating to the guaranty of an

underlying debt owed by an entity known as Taverna Imports, Inc. ("Taverna Inc."). We reverse and remand for a new trial.

In the underlying action, Bank of America filed suit against Taverna Inc. to collect on a line of credit which had gone into default. The bank also made claims against both Taverna and Fonseca as guarantors of the line of credit. Taverna filed a cross-claim for indemnity against Fonseca, also asserting Fonseca was a guarantor of the line of credit. In defense of both the bank's claim and Taverna's claim Fonseca argued that she had not signed the guaranty. Eventually, the bank obtained judgment against Taverna, but not against Fonseca.

When Taverna's cross-claim later came to trial, the *bona fides* of Fonseca's signature was the only issue to be tried. At the beginning of the bench trial on the cross-claim, counsel for Fonseca made the following "introductory statement":

> [L]et me bring you [the trial court] up to speed on the procedural setting that we find ourselves in. Bank of America sues Taverna Imports, Mr. Taverna and Marisela [Fonseca], predicated upon a loan transaction that was said to have occurred December 11th, 2005. There was some papers signed, and one of those papers is a – includes a guarantee signed by Mr. Taverna, and purportedly signed by Marisela Fonseca, who has claimed from the inception, or asserted it was a forgery. Bank of America has chosen for – and after being supplied with information relative to this, and taking handwriting examples as in like (sic), decided not to pursue Marisela Fonseca. (emphasis added).

2

In essence, Fonseca's counsel represented to the trial court that Bank of America had been provided handwriting exemplars and, that he had knowledge that on the basis of the exemplars, the bank had decided not to pursue its claims against Fonseca. However, Fonseca made no attempt to provide any evidence of those "facts" either by way of testimony from Fonseca or a bank representative or by way of documentary proof. Further, despite the representation that the bank had "decided not to pursue" Fonseca, the bank's claim against Fonseca was then in fact still pending.[1] Counsel for Taverna objected and tried to inform the trial court that Fonseca had not been dismissed from the case. The trial court stated that Fonseca's attorney was just bringing the case "up to speed on where we are today" and further concluded "[t]here was an issue. I got it. There was an issue about the handwriting of some kind, and they didn't go on."

While the trial court did not expressly state that it was taking judicial notice of the bank's decision not to pursue Fonseca, the transcript reflects that the trial court accepted the representation as an accurate description of the status of the case and of the reasons behind the bank's actions. This was improper in the absence of

---

[1] Later in the trial Taverna attempted to have the trial court take judicial notice of the file and counsel for Fonseca stated: "[C]ounsel wants you to know [] that there is no voluntary dismissal by plaintiff as to Marisela Fonseca, and I don't dispute that." That concession did nothing to erase the representation regarding the alleged reasons for Bank of America's decision "not to pursue" Fonseca or the representation regarding the "fact" that handwriting exemplars had been provided to the bank and served as the basis for the bank's actions.

record evidence of those facts, especially under the circumstances where the trial court rejected Taverna's objections to the representations and did not afford Taverna the opportunity to present evidence to the contrary. Brandt v. Brandt, 561 So. 2d 1353 (Fla. 4th DCA 1990); Pan American Stone Co. v. L.A. Meister, 527 So. 2d 275 (Fla. 4th DCA 1988); Rodriguez v Philip, 413 So. 2d 441 (Fla. 3d DCA 1982).

We conclude, under the circumstances here, that Taverna was unduly prejudiced by the unsubstantiated representation regarding the ultimate fact in issue and, consequently, was not afforded a fair trial. Reversed and remanded for a new trial.