### LUDGER BOUGUILLE, Tutor, *v.* DEDE, et al.

PRACTICE. *By the Court.*—Though this Court, with the view of relieving litigants from trouble and expense, has sanctioned the practice of omitting in the transcript of appeal such records as are already on our files, and is willing, with consent of parties, to consult them, it will, in no instance, do so, unless the record shall have been introduced at the trial in the court of the first instance.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Durant & Hornor*, for plaintiffs and appellants. *Murphy*, for defendant.

CAMPBELL, J. (VOORHIES, J., absent.) As the transcript does not contain the evidence on which this case was tried in the lower court, we are unable to review its judgment, and must order the dismissal of the appeal.

We do this with less reluctance, being satisfied, after consideration of the questions involved, that there is no error in the judgment, if the necessary evidence establishes the facts asserted by the appellee and assumed to have been proved, on the trial, by the Judge in his written reasons for judgment.

It is proper here to remark, that though this Court, with the view of relieving litigants from trouble and expense, has sanctioned the practice of omitting in the transcript of appeal such records as are already on our files, and is willing, with consent of parties, to consult them, that in no instance will it do so, unless the record shall have been introduced at the trial in the court of the first instance.

On the trial of this case in the District Court, the defendants offered in evidence the record in the case of *Dédé* v. *Bouguille*, No.. 8904. This record is not in the transcript, and the clerk certifies that the transcript contains all the evidence adduced on the trial, with the exception of that record.

In conformity with the usage before referred to, we have taken the transcript of that record from our files; but find upon examination that it does not contain the writs and returns thereon, which were material facts of the testimony on the trial below, and which seem to have been issued after the case was remanded for examination.

To supply this omission, we are requested to consult record No. 3355 of our files, which is an appeal from a judgment rendered in another suit, not intro- in evidence, or referred to in the clerk's certificate. This we do not feel .rized to do. The proceedings after judgment, in case No. 4904, should 'been copied in the transcript. This not having been done, we are not in sion of the evidence on which the case was tried, and cannot therefore ' the judgment of the lower court.

peal dismissed.