ATLAS LAND CORP., *et al.,* v. JOHN E. NORMAN.

156 So. 885.
Opinion Filed October 11, 1934.

*John J. Lindsey,* for Appellants;

*Emmett C. Choate* and *Marion E. Sibley,* for Appellee.

DAVIS, C. J.—This appeal was brought to review an order appointing a receiver on a bill alleged to have been filed

ancillary and supplementary to another equity cause pending in the same Court wherein John E. Norman is complainant and J. L. Field, R. T. Fennell and A. F. Faulhaver are defendants, same being shown to be Chancery Case No. 37200.

Appellee has filed a motion in this proceedings, the substance of which is an allegation that in deciding the present case the Chancellor had before him and took into consideration in passing upon the application for appointment of a receiver in this case, all the testimony theretofore taken before him in No. 37200, the alleged main proceeding, as well as the pleadings in the main proceeding, and that the receiver was appointed largely upon the testimony so taken before the Chancellor in the main proceeding that disclosed the condition claimed to justify the receivership order now appealed from. The prayer of the motion is that appellants be required to bring up, properly certified as required by our rules, a full and complete transcript of all the testimony, evidence, records and proceedings that were presented to or heard by the Chancellor in this supplemental or ancillary proceeding, together with a transcript of the pleadings in the so-called main proceedings.

The rule has been declared in this state to the effect that a court in deciding one case should not undertake judicial notice of what may be contained in the record of another and distinct case, unless it be brought to the attention of the Court by being made a part of the record in the case under consideration. See cases cited at page 24, Vol. 8, Encyclopedic Digest of Florida Reports.

Tht Circuit Court, whether sitting as a court of law or as a court of equity, is a court of record. As such, its judgments of decrees are to be supported, as well as tested, by what its record in the particular case may show, not by what its records at large may disclose. This is necessarily so because, if the rule were otherwise, the correctness of a

particular judgment or decree when brought in question on an appeal 'to an appellate court might be made to depend on some secret knowledge of the judge or Chancellor which, as to the parties on the appeal, might amount to a matter *in pais* insofar as the record of the cause being considered on the appeal is concerned. See Bouguille v. Dede, 9 La. Ann. 292, where the Supreme Court of Louisiana held that an appellate court should not consult, nor take judicial notice of the contents of a record not made a part of the record of the case being appealed by being made a part of such record at the hearing or trial in the court of first instance.

. Cases must be made up before the court of first instance, and the facts upon which they are based brought up properly in the record of the case being appealed. Otherwise a right might be affected by a record previously covered by the dust of the ages, instead of having the controversy respecting it determined upon the record made up in the court of first instance in order to arrive at the judgment or decree being appealed from. Cumberland Telephone & Telegraph Co. v. St. Louis I. M. & S. R. Co., 117 La. 199, 41 Sou. Rep. 492. A court should not be required nor permitted to browse amongst its own records with the view of relieving litigants from trouble and expense, where the object of the inquiry is to arrive at its own particular judgment in whole or in part on an extraneous record not introduced into the record of the case being considered, nor made a part of the record of the pending case by some positive reference to it set forth in an affirmative order of the Judge designed to incorporate by reference such extraneous record before the court as a part of its own records in the case being heard. Bouguille v. Dade, *supra*.

, The court in which a cause is pending will take judicial

notice of all its own records in such cause and of the proceedings relating thereto. But orders and other proceedings which do not properly belong to the record of a case being considered by a court, must be proved or in some way directly brought into the record of the pending case by some order of the court referring to and adopting the outside records or proceedings as part of its own record, in order that an appellate court may, in the event of an appeal, know the exact nature, character, scope and extent of the matters upon which the court below arrived at the decision appealed from and carried on the record to the appellate court. See 1 Jones Commentaries on Evidence (2nd Ed.) pages 762-770 and cases cited.

In the present case the bill for receivership was ancillary to a main suit in equity already pending when the ancillary suit was brought. The order appealed from in the ancillary suit may or may not have been based by the Chancellor upon consideration of records and testimony which were already a part of the main suit, but in any event must find its support in the record of the controversy being appealed and that alone. If the pleadings and testimony, or either, in the suit to which this controversy is ancillary have been made a part of the record of this clause, either by an offer of same in evidence, or by establishing the substance of same in the pleadings, or by an order of court incorporating and adopting same by reference as a part of the record in this cause, a showing on the record of this case to such effect should be made to appear before this court can order the same brought up for consideration as a part of the record on the present appeal.

No such record showing in the present controversy has been brought to our attention, so the appellee's motion to add to the transcript of the record on the present appeal

matters not shown to have ever been officially incorporated by reference, or otherwise adopted, as a part of the record of this controversy while it was being considered in the court below, must be denied.

Motion to add to record on appeal denied.

WHITFIED, TERRELL, BROWN and BUFORD, J. J., concur.