75 So.2d 191 (1954)
Nida Ellen KELLEY, Appellant,
v.
J.L. KELLEY, Appellee.
Supreme Court of Florida. Division B.
October 19, 1954.
*192 Virgil L. Milbrath, Ocala, for appellant
Sturgis & Sturgis, Ocala, for appellee.
DREW, Justice.
Plaintiff in the court below, appellant here, [hereinafter called wife], instituted proceedings in the lower court on October 13, 1953 to set aside a decree of divorce granted in favor of the defendant husband [hereinafter called husband] on December 20, 1951 on the ground that the affidavit for constructive service was false and fraudulent and in making thereof the husband was guilty of perjury.
The husband answered the complaint and, among other things, denied the allegations as to the charges of perjury in the affidavit for constructive service; he further charged that the wife had been guilty of laches in not sooner instituting proceedings to set aside said decree. The answer incorporated a motion to dismiss on the grounds, among others, that the complaint failed to state a cause of action and that the wife was guilty of laches. Such motion also contained the charge that there had been a prior judicial determination that the husband had not committed perjury in the execution of the affidavit for constructive service by virtue of the fact that he had been acquitted by a jury upon a trial for such alleged perjury in the same court in which the proceedings to set aside the decree were pending.
The record here shows that on December 18, 1953, on consideration of the bill, answer and motion to dismiss, the lower court entered an order terminating the cause in the following language:
"It was admitted on the hearing that the plaintiff is the person who was chief complaining witness against the defendant upon a recent trial of said defendant in this Court and before this Judge, resulting in acquittal, upon an indictment for perjury, said to have been committed by the defendant in the making out of the affidavit upon which Order for Constructive Service was based in the divorce proceedings referred to in the complaint herein, of which criminal proceedings this Court takes judicial notice.
"From the sworn testimony presented in the criminal trial and heard by the Judge of this Court, and having in mind that an entirely different rule of evidence governs a civil action of this nature as compared to the criminal charge upon which the defendant was tried, the testimony of the complaining witness, who is the plaintiff in this case, produced the inescapable conclusion that she deliberately separated herself from the defendant, her husband; that she left this state and went to another state, where she kept herself in hiding without communicating with her husband; *193 that neither before nor after her husband procured a decree of divorce did she communicate with him; that many months after he was divorced from her she returned to Marion County and procured his indictment on the mentioned charge, and this is the first proceeding in respect to any alleged interest of the plaintiff in property of the defendant.
"The facts and circumstances surrounding the criminal trial are vivid to this Court, and the same are such that this court of equity cannot in good conscience, after the lapse of time and under the circumstances related, lend its aid to a further harassment of the defendant.
"It Is Therefore Ordered, Adjudged and Decreed that the motion of the defendant to dismiss the complaint be and the same is hereby granted and said complaint is hereby finally dismissed."
This appeal is from the above final order.
No part of the record of the trial of the husband on the charge of perjury was introduced in evidence or otherwise made a part of the record in the suit to set aside the decree being considered by the lower court. All of these facts and circumstances were in the mind and memory of the Circuit Judge but not in the record of the cause he was then considering. It is a part of the fundamental law of this State that the final judgments and final decrees of the Circuit Court are subject to review by this Court on proper proceedings. It is elemental that in reviewing the actions of Circuit Courts, we are confined to the record produced here. It is from that record that we must determine whether the judgment of the lower court is lawful. From the record in this cause, we have no way of determining whether, as recited by the lower court in his order, the wife "deliberately separated herself from the defendant her husband". We are unable to determine whether "she left this state and went to another state where she kept herself in hiding without communicating with her husband" nor are we able to say from the record, to which we must look, that "neither before nor after her husband procured a decree of divorce did she communicate with him." Moreover, there is no way for us to determine whether the lower court was correct in concluding that the wife "returned to Marion County and procured an indictment on the" charge of perjury. We are entitled to assume on this latter point that the prosecuting officer of Marion County had reasonable cause to believe that perjury had been committed, otherwise there would have been a dereliction of duty in charging the husband with the commission of that crime. The wife was no more than a witness for the purpose of proving the violation of the criminal laws of this State by the husband.
The record before the lower court in the equity proceedings to set aside the final decree of divorce, the cause then being considered by the court, did not afford any basis for the finding that the lower court could not in equity and good conscience lend its aid to the further harassment of the defendant. Even if the court was of the view that the equity cause amounted to harassment of the defendant, such conclusion was based upon circumstances and facts which were not a part of the record in the cause then being tried and which the court had no right to consider.
The late Chief Justice Davis, in Atlas Land Corporation v. Norman, 116 Fla. 800, 802, 156 So. 885, 886, in dealing with a similar occasion, said:
"A court should not be required nor permitted to browse amongst its own records with the view of relieving litigants from trouble and expense, where the object of the inquiry is to arrive at its own particular judgment in whole or in part on an extraneous record not introduced into the record of the case being considered, nor made a part of the record of the pending case by some positive reference to it set forth in an affirmative order of the judge designed to incorporate by reference such extraneous *194 record before the court as a part of its own records in the case being heard. Bouguille v. Dede, supra [9 La. Ann. 292].
"The court in which a cause is pending will take judicial notice of all its own records in such cause and of the proceedings relating thereto. But orders and other proceedings which do not properly belong to the record of a case being considered by a court must be proved or in some way directly brought into the record of the pending case by some order of the court referring to and adopting the outside records or proceedings as part of its own record, in order that an appellate court may, in the event of an appeal, know the exact nature, character, scope, and extent of the matters upon which the court below arrived at the decision appealed from and carried on the record to the appellate court. See 1 Jones Commentaries on Evidence (2d Ed.) pages 762-770, and cases cited."
We think the foregoing reasoning and the authorities cited are peculiarly applicable to this controversy, and we reaffirm the principles quoted more than twenty years ago.
The appellee argues that even if the lower court was in error in dismissing the complaint because of his consideration of the record in the criminal proceedings, it affirmatively appeared on the face of the record that the plaintiff wife had been guilty of laches in not sooner instituting these proceedings. We are unable to agree with this argument. So far as the record shows, there had been no change in the status of the parties of the character which would have resulted in injury, embarrassment or disadvantage to the husband. The mere assertion that nearly two years had elapsed since the divorce was granted and some twelve months since the wife discovered that fact before the bill was filed is not in itself sufficient to constitute laches. Nor do we think that the filing of an information by the prosecuting officer of a county charging the husband with perjury because of false swearing to the affidavit for constructive service in itself can afford the basis for such defense. The answer in this cause does not establish as a matter of law that such delay has resulted in legal injury, embarrassment or disadvantage to the defendant and it was therefore error to dismiss the cause at that stage of the proceedings on this ground. See Lightsey v. Lightsey, 150 Fla. 664, 8 So.2d 399; Tampa Water Works Co. v. Wood, 104 Fla. 306, 139 So. 800.
It may be that the trial of this cause on the merits will produce evidence sufficient to establish the defense of laches but that question is not before us.
This cause is reversed with directions to vacate the order of December 18, 1953 dismissing the complaint and for further proceedings in accordance with the views herein expressed.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.