O’CONNELL, Justice.
On March 30, 1953 John W. Adkinson and Bessie Mae Adkinson, appellees, petitioned in the Circuit Court of Walton County for the adoption.'of Joseph Lee Freeman, a minor. John William Freeman, natural father *110 of the child, the appellant here, asked in his answer that the petition be dismissed. In August of that year the State Welfare Board filed its recommendation that the petition be dismissed and the child returned to the custody of his natural father. Thereafter a hearing was held and on November 9, 1953 the court below entered an interlocutory order of adoption in favor of the petitioners. This order was contrary to the previous recommendation of the State Welfare Board. Subsequent to the interlocutory order the Board filed its recommendations in regard to a final decree of adoption in which it said: “that in view of the fact that the Court, at the time of the interlocutory hearing in this cause, rendered a decision in favor of the adoption and have awarded temporary custody of said child to the petitioners, the State Welfare Board is of the opinion that it is to the best interest of said child to have legal protection of final adoption”. The testimony at the hearing which resulted in the interlocutory decree was not reported and is not before this Court in the record on appeal. On February 9, 1955 a final hearing was begun on the matter and on March 16, 1955 a final decree awarding the adoption to petitioners was entered, whereupon the father instituted this appeal.
In its interlocutory decree the lower court said “after hearing and considering the testimony and in the light of past events touching the custody of the child involved and his support and maintenance as ’ disclosed by the records of this Court on the civil and criminal side of the docket, of which the Court takes knowledge, the Court is of the opinion that in the best interests of the child and his welfare the petition for change of custody prayed for should be denied and that an interlocutory decree in the adoption proceedings should be granted”. At the hearing beginning February 9, 1955 no testimony was permitted relating to events prior to the first hearing which resulted in the interlocutory decree. This Court, therefore, is ignorant as to the past events referred to in the interlocutory decree. Nor does this Court have before it any information concerning the records of the lower court, civil and criminal, involving the support and maintenance of the child; such records were referred to in the decree. In the final decree the judge said that although the testimony in the original hearing was not reported and, therefore, not available for review, there were recitals in the interlocutory decree which indicated that he had considered the testimony taken at the original hearing. He then recalled certain facts and reached his conclusion, as he stated it, after considering the unhappy and somewhat sordid history, fully and in detail covered by the testimony upon which the interlocutory decree was based.
Although the judge in his final decree commented on the fact that in the final hearing testimony was confined to the change in circumstances alleged to have taken place since the entry of the interlocutory decree and that at the final hearing-much testimony was also adduced reflecting upon the character of the home of the petitioners, it is possible that his decision was affected by the testimony brought out in the first hearing prior to the interlocutory decree. It is also possible that his. final decree was also predicated somewhat upon his knowledge of certain records of his court on the civil and criminal side bearing upon support and maintenance of the subject child.
It is the rule in this State that a. court shall not take judicial notice of what, may be contained in the record of another distinct case unless it be brought to the-attention of the court by being made a part of the record. Atlas Land Corporation v. Norman, 116 Fla. 800, 156 So. 885, 886. In the same case we find the Court making; this statement:
“The court in which a cause is pending will take judicial notice of all its own records in such cause and of the proceedings relating thereto. But or *111 ders and other proceedings which do not properly belong to the record of a case being considered by a, court must be proved or in some way directly brought into the record of the pending case by some order of the. court referring to and adopting the outside records or proceedings as part of its own record, in order that an appellate court may, in the event of an appeal, know the exact nature, character, scope, and extent of the matters upon which the court below arrived at the decision appealed from and carried on the record to the appellate court. See 1 Jones Commentaries on Evidence (2d Ed.) pages 762-770, and cases cited.”
The reasoning of this Court in the Atlas case was reaffirmed twenty years later in Kelley v. Kelley, Fla., 75 So.2d 191. 31 C.J.S., Evidence, § 50(b) provides that “when necessary for the administration of-justice in a given case, the court will take such notice of all previous and undisputed proceedings therein as appear of record, certified or authenticated as required by law, and required by law to be on file or of record in the cause * * In 20 Am.Jur. Sec. 17 it is said “Judicial knowledge cannot be resorted to so as to raise controversies not presented by the record.' The right of a court to act upon that which is in point of fact known to it must be subordinate to those requirements of form and orderly communication which regulate the mode of bringing controversies into court and of stating and conducting them.” Section 27 says “in the event a party relies on the judicial knowledge of the trial judge as to local conditions, he must in some form procure that knowledge to be brought into the record, so that an appellate court may rely thereupon * * *.” ■ •
Since we have before us no transcript of the testimony on the first hearing, we cannot say that the lower court judge improperly took notice of other proceedings both civil and criminal. The record is silent on the matter. The presumption is, of course, that he committed no error and that therefore if he did take notice of such records he did so in compliance with the necessary procedure. Appellant has not brought before us evidence to rebut the presumption. Even if error was committed, we feel it was not prejudicial, as other evidence exists to support the findings. In Baggesi v. Baggesi, 100 Cal.App.2d 828, 224 P.2d 894 the court took judicial notice of certain alleged customs of Italian farmers in certain counties of California. The court held that although the lower court should not have done so, no prejudicial error resulted, as the findings were supported by other evidence. The lower court judge in the instant case did expressly refer to the fact that much testimony was also adduced at the final hearing reflecting upon the character of the home of the petitioners. Also, from an examination of the transcript of the testimony it is seen that much information concerning the character and status of the appellant -father was adduced. We think there was substantial evidence to support the final decree of the lower court even should we determine, which we cannot do, that he abused his discretion in taking judicial notice of facts which were not the proper subject matter for such judicial notice. On the basis of facts adduced at the final hearing alone the judge could have reached his decision and we can find no ■ valid reason to overthrow his judgment.
Although such is not required by law, we believe that because of the seriousness of the effect of adoption proceedings, both on the child involved and the parents, natural and adoptive, that it would be desirable for the trial judge to require that final hearings in all adoption proceedings be reported. If needed, as in this case, they can then be transcribed.
The decree appealed from is accordingly affirmed for the reasons expressed herein.
DREW, C. J., and THOMAS and ROBERTS, JJ., concur.