165 So.2d 412 (1964)
Wester AUSTIN, William H. Arnold and David Black, individually and as Trustees of Orthodox Zion Primitive Baptist Church of West Palm Beach, et al., etc., Appellants,
v.
Mt. ZION PRIMITIVE BAPTIST CHURCH OF WEST PALM BEACH, etc., Appellee.
No. 3988.
District Court of Appeal of Florida. Second District.
May 22, 1964.
Egbert Beall of Beall, Beall & Brophy, Palm Beach, for appellants.
Ronald Sales of Sales & Houston, West Palm Beach, for appellee.
WHITE, Acting Chief Judge.
Defendants appeal a summary final decree quieting title to a certain negro Baptist Church building and parsonage in the plaintiff corporation. Prior to the filing of this suit the same parties litigated an action for forcible entry and wrongful detainer[1] *413 which was resolved in favor of the plaintiff corporation. The issue in that case was the right to possession. The same judge presided in the law action and in the instant equity suit.
In the possessory action at law the court made the following findings of fact:
"A church known as the MT ZION PRIMITIVE BAPTIST CHURCH has owned and possessed the above real property for many years; that some ten years ago the congregation decided to build a new church, and has been raising money to that end; that the congregation did build a new church, and on October 15, 1961, the congregation moved from the old church to the new church, and dedicated the new church and began holding services there; that on July 22, 1959, the congregation formed a non-profit corporation known as the `MT ZION PRIMITIVE BAPTIST CHURCH OF WEST PALM BEACH, FLORIDA', which is evidenced by Case No. 59 L 728-C, of this Court; that all members of the congregation of the church became charter members of the corporation, and all new members of the church became members of the corporation as they were received into membership of the church; that under said charter, affairs of the corporation were to be managed by a Board of Directors, which were also known as Trustees; that one of the defendants to this suit, namely WESTER AUSTIN, was a Trustee of the old church, and was one of the signers of the church corporation, and became one of the first directors and trustees of the corporation; that the management of the property and temporal affairs of the church was transferred from the Trustees to the Board of Directors when the corporation was formed; that the congregation conducted its business affairs at monthly business meetings called `conferences'; that one of the defendants, namely WILLIAM H. ARNOLD, was formerly a trustee of the church, and testified that he is now a pastor of the church, that at the business conference held October 5, 1961, said defendant stated he would like to buy the old church, since it was for sale, and the evidence disclosed that he would be given first consideration as to purchasing the same; further, on October 15, 1961, there was a ceremony wherein the congregation marched from the old church to the new church; the defendants and some others remained at the old church, which is described above, however, the evidence discloses that a vast majority of the congregation proceeded in the marching ceremonies; further, that on November 16, 1961, the three defendants herein executed an option to purchase the above described property for $16,500.00; that thereafter a title insurance company found certain exceptions to the title which would not be insured; and the sale was not consummated; the minutes of the business conferences are partially unintelligible, but they do disclose that the old church was to be sold, and that the defendant ARNOLD was to be considered with reference to such sale; that two days after the option was signed, the defendants, together with a minority of the old church, organized a church naming the defendant ARNOLD as pastor, and using the name `The Orthodox Zion Primitive Baptist Church'.
"The Court further finds that under the government of this church the majority of the congregation controls; that the old church was never abandoned, but, on the other hand, was offered for sale; that the defendants acknowledged the right of possession and ownership in the majority of the old church; that the majority of the old church and the plaintiff corporation *414 are one and the same; that the plaintiff corporation has had the right of possession since its formation as a corporation to the present time; that the plaintiff is entitled to rent from the defendants for a period of ten months at the rate of $75.00 per month, making a total of rent due in the sum of $750.00; that the preponderance of the evidence supports the above findings."
Plaintiff's motion for the summary judgment here involved reads as follows:
"The plaintiff hereby moves the Court to enter a summary judgment for the plaintiff, in accordance with the provisions of Rule 1.36 of the 1954 Florida Rules of Civil Procedure [30 F.S.A.], as amended, on the ground that the pleadings and the transcript of testimony and documentary evidence received in Palm Beach County Circuit Court Law Case No. 62L 378-B (which the plaintiff requests the Court to judicially notice) show that there is no genuine issue of any material fact, and the plaintiff is entitled to judgment as a matter of law."
In entering summary final decree for the plaintiff, the chancellor stated that the right of possession between the parties was tried in Case No. 62L 378-B "and, though the Judgment entered in said case cannot be considered in this case, the testimony and evidence submitted in that case can properly be considered by the court in this case under the Motion for Summary Decree." In considering the affidavit of one Rosetta Baird and the testimony of Rosetta Baird in both cases, the court found no genuine issue of any material fact  and quieted title in the plaintiff.
Defendants contend that the chancellor erred in considering the testimony, exhibits and records from the related case when such records were not specifically introduced in evidence or without filing certified copies of that record in the instant record. Defendants further argue that the related case is entirely dehors the present record and that the chancellor cannot take judicial knowledge of that record, even though he sat on both cases, because the matter acknowledged was not a proper subject for judicial knowledge in that it was not common knowledge to all persons.
Plaintiff on the other hand shows that (a) the chancellor heard both cases; (b) the cases were between the same parties; (c) the cases involved essentially the same subject matter; (d) the issues were closely inter-related  the right to possession at law and the right to title in chancery; and (e) plaintiff's motion specifically requested the chancellor to consider the record of the related case.
The transcript of testimony and exhibits received in evidence in the previous suit discloses that the church is Baptist and independent; plaintiff counts as its members a majority of the congregation; and the subject property was subjected to no specific trust. In a recent decision of this court Judge Allen distinguished the independent Baptist Church organizations from those local church affiliations under the dominion of parent church organizations. Where a schism develops in the membership of a church congregational in form like the independent Baptist denominations the assets, where no trust is attached, belong to the majority faction and are subject to its control. See First Independent Missionary Baptist Church v. McMillan, Fla.App. 1963, 153 So.2d 337, which incidently was tried before the same judge below as the instant cause.
Although not conventionally introduced in evidence, the official records in the prior law action were actually before the chancellor on the summary proceedings in the instant case. They were incorporated by reference in plaintiff's motion for summary decree, and the summary final decree itself contains a positive reference to the transcript *415 and exhibits considered.[2] These records are properly before us by incorporation in the record on appeal pursuant to Rule 3.6(l) Florida Appellate Rules 31 F.S.A. The law concerns itself primarily with substance rather than form. The reason for the rule which the defendants seek to invoke does not exist here. We quote the following from the opinion in Atlas Land Corporation v. Norman, 1934, 116 Fla. 800, 156 So. 885:
"The circuit court, whether sitting as a court of law or as a court of equity, is a court of record. As such, its judgments or decrees are to be supported, as well as tested, by what its record in the particular case may show, not by what its records at large may disclose. This is necessarily so because, if the rule were otherwise, the correctness of a particular judgment or decree when brought in question on an appeal to an appellate court might be made to depend on some secret knowledge of the judge or chancellor which, as to the parties on the appeal, might amount to a matter in pais in so far as the record of the cause being considered on the appeal is concerned."
Issues to be resolved in the instant quiet title suit concern (1) whether the property was subject to a trust and (2) which faction controlled the majority of the members in being at the time the schism developed. These issues were resolved in the preceding law action before the same tribunal. This is not a case where the trial court browsed among its own records of cases involving other parties in order to arrive at a particular conclusion. Here the parties were the same in each case, and each case arose out of the same set of facts. The cases essentially involved the same subject matter and the plaintiff specifically made reference to the record of the related case in its motion for summary judgment. It is a situation analogous to estoppel by judgment. cf. Baum v. Pines Realty, Inc., et al., 164 So.2d 517, opinion filed in this court on May 6, 1964.
In sum, all the facts material to the adjudication of title to the church property were elicited in the previous case, and no useful purpose would be served by another expensive full scale trial in order to rehash facts already established and binding on the parties.
Affirmed.
ANDREWS and KANNER (Ret.), JJ., concur.
NOTES
[1] Case No. 62L 378-B, Palm Beach County Circuit Court.
[2] Compare Matthews v. Matthews, Fla. App. 1961, 133 So.2d 91, 96, where the court of its own motion and without notice to the parties examined the transcript of a prior suit and based summary judgment largely upon what was found in said transcript. See also Atlas Land Corp. v. Norman, 1934, 116 Fla. 800, 156 So. 885 where the chancellor considered a record from another proceeding in order to arrive at his conclusion. There the extraneous record was neither introduced into evidence in the case being considered nor was it incorporated by reference in an affirmative order.