WIGGINTON, Acting Chief Judge.
This appeal is from a final order entered by the County Judge’s Court of Duval Coun *591 ty admitting to probate the last will and testament of Mamie Rodgers Simpkins, deceased.
Appellant, who contested the validity of the will, contends that the trial court committed harmful error in taking judicial notice of the records on file in that court of separate and unrelated proceedings touching upon the mental competency of the decedent both prior and subsequent to the time the will in question was executed, the records of which proceedings were not offered or received in evidence during the trial of this cause. Appellant further contends that the trial court misconceived the legal effect of the evidence adduced at the trial touching upon the mental competence of the decedent at the time the will in question was executed, and therefore erred in holding the will to be valid and admitting it to probate.
In the order appealed the trial court referred to testimony adduced by the subscribing witnesses to the will with respect to the mental competency of the decedent which supported the position of the proponents of the will. The order further recites that the court took judicial notice of an order previously entered by it prior to the time the will was executed and which adjudged the testatrix to be mentally incompetent. The court further took judicial notice of a petition filed by the testatrix after the will was executed in which she sought restoration of her mental competency. The court also took notice of a letter filed in the restoration proceedings which was written by a medical doctor giving the results of his examination of the testatrix and finding her to be mentally competent at that time. The sanity proceeding adjudging the testatrix to be incompetent, as well as the proceeding for the restoration of her sanity, was a part of separate records on file in the court, no part of which was introduced as evidence during the trial of the case sub judice. In his order admitting the will to probate, the county judge found that the testatrix was mentally competent at the time she executed the will, basing this conclusion both on the testimony adduced at the trial as well as the unrelated court files of which he took judicial notice.
The landmark case in this state dealing with matters of which a trial court may take judicial notice is that of Atlas Land Corporation v. Norman.[1] In that case the Supreme Court of Florida said:
“The rule has been declared in this state to the effect that a court in deciding one case should not undertake judicial notice of what may be contained in the record of another and distinct case, unless it be brought to the attention of the court by being made a part of the record in the case under consideration. See cases cited at page 24, vol. 8, Encyclopedic Digest of Florida Reports.
* * * * * *
“The court in which a cause is pending will take judicial notice of all its own records in such cause and of the proceedings relating thereto. But orders and other proceedings which do not properly belong to the record of a case being considered by a court must be proved or in some way directly brought into the record of the pending case by some order of the court referring to and adopting the outside records or proceedings as part of its own record, in order that an appellate court may, in the event of an appeal, know the exact nature, character, scope, and extent of the matters upon which the court below arrived at the decision appealed from and carried on the record to the appellate court. See 1 Jones Commentaries on Evidence (2d Ed.) pages 762-770, and cases cited.”
The Atlas Land Corporation case was later cited with approval in Kelley v. Kelley,[2] from which the court adopted the following quotation, to wit:
“ ‘A court should not be required nor permitted to browse amongst its own rec *592 ords with the view of relieving litigants from trouble and expense, where the object of the inquiry is to arrive at its own particular judgment in whole or in part on an extraneous record not introduced into the record of the case being considered, nor made a part of the record of the pending case by some positive reference to it set forth in an affirmative order of the judge designed to incorporate by reference such extraneous record before the court as a part of its own records in the case being heard. Bouguille v. Dede, supra [9 La.Ann. 292].’”
In the later case of In Re Freeman’s Adoption,[3] the Supreme Court considered the validity of an order of adoption entered by the Circuit Court of Walton County. The order of the trial court recited that in arriving at its conclusion the court not only considered the evidence and testimony adduced at the trial, but also considered past events touching the custody of the child involved and his support and maintenance as disclosed by the records of the court on the civil and criminal side of the docket, of which the trial court then proceeded to take judicial notice. This is strikingly similar to the procedure followed by the county judge in the case sub judice. In reversing the order appealed in the Freeman case, the Supreme Court again quoted with approval from Atlas Land Corporation and Kelley, supra, and cited with approval a quotation from American Jurisprudence as follows:
“ * * * In 20 Am.Jur. Sec. 17 it is said ‘Judicial knowledge cannot be resorted to so as to raise controversies not presented by the record. The right of a court to act upon that which is in point of fact known to it must be subordinate to those requirements of form and orderly communication which regulate the mode of bringing controversies into court and of stating and conducting them.’ Section 27 says ‘in the event a party relies on the judicial knowledge of the trial judge as to local conditions, he must in some form procure that knowledge to be brought in to the record, so that an appellate court may rely thereupon * *.’ ”
From the foregoing authorities we conclude that the county judge erred when he took judicial notice of the separate and unrelated records on file in his court touching upon the mental competency of the testatrix in proceedings brought before and after the will in question was executed. Since this evidence was only cumulative of other evidence before the court, it might be said that the action of the county judge in taking judicial notice of the unrelated matters was harmless error and should not be considered as grounds for reversal of the order appealed. Such a position finds support in the well-accepted principle of law stated in the decision of the Supreme Court rendered in the Estate of Zimmerman [4] where it is held that upon review of an order of probate entered by the county judge as the trier of fact, the appellate court will not interfere with findings of fact or conclusions of law made by the county judge unless there is an absence of substantial competent evidence to support the findings, or the court misapprehended the legal effect of the evidence as a whole.
In the case sub judice we are unable to determine with any degree of accuracy what impact, if any, the matters of which the county judge took judicial notice had upon his ultimate decision. It is clear that such matters should not have been considered by him in determining the mental competency of the testatrix at the time she executed the will unless the record of such proceedings was introduced and received in evidence during the trial of this cause. If such matters had not entered into the county judge’s consideration, we can only speculate as to whether he would have reached the conclusion he did based only upon the remaining evidence adduced at the trial.
*593 Because of the foregoing the order appealed is reversed and the cause remanded for further proceedings. In further consideration of this cause the county judge may, in his discretion, reopen the case for the taking of further evidence concerning the records of which he erroneously took judicial notice, and of such other matters as may be deemed necessary and appropriate to reach a just decision in this case.
Reversed.
JOHNSON and SPECTOR, JJ., concur.

. Atlas Land Corporation v. Norman, 116 Fla. 800, 156 So. 885, 886.

. Kelley v. Kelley (Fla.1954), 75 So.2d 191, 193, 194.

. In Re Freeman’s Adoption (Fla.1956), 90 So.2d 109. 111.

. In Re Zimmerman’s Estate (Fla.1956), 84 So.2d 560.