SCHOTT, Judge.
Plaintiff, while unloading a truck owned by the Hertz Corporation (Hertz) and leased to Continental Can Company, Inc. (Continental), was injured when the wheel of a forklift truck he was operating inside the trailer went down into a hole in the floor causing him to fall.
He brought suit against Continental and its liability insurer, American Motorists Insurance Company (American). They in turn filed a third-party demand seeking indemnity or alternatively contribution from Hertz as a joint tort feasor. Hertz then brought a third-party demand against Continental and American seeking full indemnification, including reasonable attorneys’ fees in connection with the defense of the third-party demand. The trial judge awarded judgment in favor of plaintiff and against defendants, Continental and American, and dismissed all third-party demands. From that judgment Hertz has appealed and Continental and American have answered the appeal, so that the third-party demands are now under consideration.
Pursuant to the lease agreement between Continental and Hertz, Continental was to provide a policy of liability insurance to insure both Continental and Hertz with respect to liability arising out of the ownership, maintenance, use or operation of the vehicles furnished by Hertz to Continental. Continental secured such insurance from American, and the policy named Hertz as an additional insured.
Continental and American contend that Hertz breached its contract with respect to maintenance of the trailer by not repairing the floor despite notice from Continental to Hertz pursuant to the lease. Continental’s maintenance supervisor testified that he had reported that the floor was defective prior to the accident and Hertz had declined to repair it. Hertz relies on provisions of the lease which required that all such notices be in writing, except as to emergency repairs which could be reported by telephone. In such instances when Hertz failed to make such repairs Continental was entitled to make them and charge Hertz for same. Hertz takes the position that it committed no breach of the contract which caused the accident since Continental’s failure either to give written notice or to repair the floor under the emergency clause was the cause of the accident. We do not find it necessary to resolve this issue in order to decide the case, and for our purposes we will assume that Hertz breached its duty to repair the floor.
As far as Continental is concerned, it has incurred no monetary loss for which it may claim contribution or indemnity against Hertz. It was afforded a full defense by American under its policy and it therefore incurred no attorneys’ fees or other costs of defense. The claim of plaintiff was ultimately paid by American under the policy.
As to American, if its claim against Hertz is one in subrogation to the rights of Continental under its contract with Hertz, since Hertz is also the insured of American, the latter is not entitled to subrogate against Hertz. Boston Insurance Company v. Pendarvis, 195 So.2d 592 (La. App. 1st Cir. 1967). If American’s claim for indemnity against Hertz is considered one in tort or, as pleaded, a claim for contribution from a joint tort feasor, American is in the position of an insurer seeking recovery in tort against its own insured, which is precisely what Hertz was insured against in the first instance. Had plaintiff filed suit against Hertz initially in tort Hertz could have called upon American for defense, and had American failed to provide a defense Hertz could have collected attorneys’ fees and its costs of defense because of American’s breach of its insurance contract. By bringing this third-party demand, American has subjected Hertz to the very same risk, and we see no reason why Hertz is not entitled to indemnity.
The record does not contain any basis for our fixing an amount to which Hertz is entitled so that the case must be remand *378 ed to the trial court for the sole purpose of fixing the amount of the award in favor of Hertz against American under its claim for indemnity for attorneys’ fees and other costs.
Accordingly, the judgment insofar as it dismissed the third-party demand of Hertz against American is reversed and set aside, and there is judgment in favor of third-party plaintiff, The Hertz Corporation, and against third-party defendant, American Motorists Insurance Company, on the claim for indemnity in an amount to be fixed by the trial court. In all other respects, the judgment appealed from is affirmed. The case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.