PER CURIAM.
The State of Florida seeks certiorari review of a pre-trial circuit court order excluding from evidence at trial the hearsay statements of an alleged child sexual abuse victim. We have jurisdiction to entertain the state’s petition for certiorari review, Art. V, § 4(b)(3), Fla.Const.; State v. Pettis, 520 So.2d 250 (Fla.1988), and deny the subject petition based on the following briefly stated legal analysis.
*324 First, Section 90.803(23)(a), Florida Statutes (1987), permits the introduction in evidence of a hearsay statement “made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing” inter alia “any act of child abuse [or] sexual abuse ...” provided certain preconditions are met. One of those preconditions is that the trial court must find “in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability.” In making this finding, the trial court is permitted to consider, among other factors, “the mental and physical age and maturity of the child ... the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate....”
Second, the trial court entered an extensive order, after conducting a pre-trial evi-dentiary hearing, in which it concluded that two hearsay sexual abuse statements made by the five-year-old victim M.R. in this case to two child abuse professionals did not meet the above-stated statutory precondition of reliability and accordingly were inadmissible at trial. The trial court reached this conclusion primarily because (1) M.R. had a severely disturbed mental condition which greatly affected her ability to distinguish reality from fantasy and truth from untruth, and (2) M.R.’s statements were vague, lacking in detail, and partially contradictory in critical respects. There was ample evidence adduced below to support these findings, and such findings required the exclusion of the subject statements under the above statute. See Griffin v. State, 526 So.2d 752, 758 (Fla. 1st DCA 1988). Compare Perez v. State, 536 So.2d 206 (Fla.1988); Jaggers v. State, 536 So.2d 321, 324 (Fla. 2d DCA 1988); Distefano v. State, 526 So.2d 110, 115 (Fla. 1st DCA 1988); Glendening v. State, 503 So.2d 335, 339 (Fla. 2d DCA 1987), approved, 536 So.2d 212 (Fla.1988).
Third, contrary to the state’s arguments, the trial court did not deny the state any procedural rights by apparently relying, in part, on the corroborative testimony of the state’s own witnesses at a prior hearing in which the trial court, upon the state’s motion, barred the defendant from deposing M.R. based on M.R.’s fragile mental condition. This is so because (a) such testimony was relevant to the issue before the court, and (b) the trial court was entitled to consider the full record in this case, especially the aforesaid relevant testimony adduced by the state. See Kelley v. Kelley, 75 So.2d 191, 194 (Fla.1954) (A court “will take judicial notice of all its own records in the pending case and the proceedings relating thereto.”); see also In re Freeman’s Adoption, 90 So.2d 109, 111 (Fla.1956) (same); McNish v. State, 47 Fla. 69, 36 So. 176, 177 (1904) (same); Tower Credit Corp. v. State by Dickinson, 183 So.2d 255, 256 (Fla. 4th DCA 1966) (same); § 90.202(6), Fla.Stat. (1987).
Finally, the balance of the state’s arguments presents no departure from essential requirements of law. The petition for a writ of certiorari is therefore
Denied.
BARKDULL and HUBBART, JJ., concur.