PER CURIAM.
We affirm the trial judge’s summary denial of the appellant’s Florida Rule of Criminal Procedure 3.850 motion except as to the ruling on the appellant’s claim that his trial counsel was ineffective for failing to object to hearsay statements of the child victim and for failing to request a hearing pursuant to section 90.803(23), Florida Statutes, to determine the reliability of such statements. Because the appellant’s motion is facially sufficient on this claim and the trial judge did not attach a portion of the record that conclusively shows that the appellant was not entitled to relief, we reverse as to this claim.
According to the appellant’s motion, he was convicted following a jury trial of sexual battery on a child under twelve years of age. The appellant contends that his counsel was ineffective for failing to object to hearsay statements of the child victim and for failing to move the trial judge to conduct the proper inquiry and make the requisite findings of fact pursuant to section 90.803(23) prior to ruling those statements admissible. The ex *50 cerpt of the trial attached to the judge’s order shows that the appellant’s trial counsel not only faded to object, but actually waived the necessary hearing. The appellant further alleges that his counsel knew that the victim had recanted her allegations numerous times. Indeed, the appellant alleges that the child victim recanted at trial and testified that the appellant did not penetrate her, either orally or digitally. He thus alleges that the hearsay was not trustworthy or reliable. He finally alleges that without the improper hearsay, there would have been no evidence supporting a conviction for the crime since the medical evidence did not establish penetration.
The appellant’s allegations seem meritorious because the trial court may well have found the child’s hearsay statements unreliable given that she had recanted such statements on several occasions. See Joggers v. State, 536 So.2d 321, 325 (Fla. 2d DCA 1988); see also State v. Romanez, 543 So.2d 323 (Fla. 3d DCA 1989). If found unreliable, the statements would not have been admissible as hearsay evidence. And if the hearsay statements had been excluded as substantive evidence, it is questionable whether the medical evidence would have been sufficient to support the conviction. See State v. Green, 667 So.2d 756 (Fla.1995).
The appellant’s allegations are therefore sufficient to satisfy the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and to warrant an evidentiary hearing, unless the trial judge can attach a portion of the record that conclusively rebuts these allegations. The order is affirmed in part and reversed in part, and the case is remanded.
MINER, ALLEN and LAWRENCE, JJ., concur.