ALTENBERND, Judge.
Roger Coe appeals a final judgment of injunction for protection against domestic violence entered in favor of his former wife, Yulia Coe. For the reasons set forth below, we reverse this judgment. This case demonstrates that trial judges assigned to dissolution proceedings who also handle interrelated petitions for domestic violence must exercise care in ensuring that their rulings are supported by an adequate record.
In 2004, in case 04-00900-FD-28, Ms. Coe filed a petition to dissolve her marriage to Mr. Coe. Beyond this simple fact, this court has no direct record knowledge of that dissolution proceeding.
Prior to the filing of Ms. Coe’s petition for injunction against domestic violence, the trial court heard and resolved a petition to modify child custody filed by one of the parties.
Ms. Coe filed this petition for injunction against domestic violence on behalf of herself and the two children of the marriage. Her petition was required to “allege the existence of such domestic violence and ... include the specific facts and circumstances upon the basis of which relief [was] sought.” § 741.30(3)(a), Fla. Stat. (2008). To establish a right to an injunction, she was required to prove that she or the *544 children either had been the victim of domestic violence or that she had reasonable cause to believe that she or the children were in “imminent danger of becoming the victim” of an act of domestic violence. § 741.30(l)(a); see also Ambrefe v. Ambrefe, 993 So.2d 98 (Fla. 2d DCA 2008).
Almost all of Ms. Coe’s allegations of verbal disputes or domestic violence describe events which occurred at the front door of her house. The petition disclosed that she had attempted in 2005 and 2007 to obtain domestic violence injunctions without success. It also explained that she and Mr. Coe “just finished a 3-day trial for modification of custody.”
Ms. Coe’s petition alleged nine acts or instances of alleged violence by Mr. Coe and then made additional general claims that he had been violent or abusive during the marriage. All but three of these allegations involved matters that occurred before the denial of the earlier petitions for domestic violence injunctions.
The primary allegation made by Ms. Coe concerned a statement that Mr. Coe made in the courtroom on November 20, 2008, during the trial on the custody issue. According to Ms. Coe, Mr. Coe allegedly said that it would be easier for him to handle the death of a child rather than be rejected by a child. Ms. Coe interpreted this statement as some type of imminent death threat.
The other two acts which occurred after the prior petitions for injunctions had been denied were disputes in August and October of 2008 that appear to be related to Mr. Coe’s efforts to exercise child visitation rights. The allegations concerning those disputes are more typical domestic violence allegations in which Ms. Coe claims that Mr. Coe swung his fist at her, yelled obscenities, and made threats. In Ms. Coe’s petition, she sought an injunction prohibiting Mr. Coe from being within five hundred feet of the children’s school and she also sought exclusive custody of the children.
A different judge from the one who presided over the earlier custody hearing granted an ex parte petition for a temporary injunction against domestic violence. That judge then set the matter for an evidentiary hearing on December 2, 2008, to determine whether a permanent injunction should be granted. The case was then assigned back to the judge who presided over the custody dispute.
Ms. Coe’s testimony at the hearing on the petition for injunction was relatively brief. She explained that Mr. Coe’s statement in the previous custody hearing that he would prefer the death of a child over the rejection by a child “just gave me chills and absolutely terrified me.” She explained that she reacted this way because her former husband had “inadequate perception of everything” and because of the prior violent episodes. She did not testify at all about the dispute in August 2008. Moreover, she only briefly explained that she and Mr. Coe had a fight at the front door of her home in October 2008 when Mr. Coe was trying to record their conversation. At that time, allegedly the door hit her while Mr. Coe was trying to swing his fist at her.
In reversing the trial court’s decision, we are not deciding whether this evidence would be sufficient to grant a permanent injunction. Rather, we reverse because the trial court granted the petition based on its observations during the three-day custody hearing, which are not part of the record in this case. Indeed, the trial judge began her decision by stating: “It is my job to weigh the credibility of each witness that comes before me. And over three days, I heard from 10 witnesses.” Following this statement, the court grant *545 ed the injunction. Thus the explicit reasoning for the decision was not based on the proof of the allegations in the petition but was based on the testimony and evidence which had previously been heard in the custody proceeding.[1]
The injunction on appeal expired during the pendency of this appeal.[2] We write to reverse this order because the trial judge’s intuitively reasonable approach to this case violated the rules of evidence. Moreover, this approach will almost inevitably result in an appellate record that will not support the order on appeal. Given that the approach could recur in circuits in which dissolution proceedings and petitions for domestic violence injunctions are assigned to the same judges, we conclude that the problem behind this approach warrants some public discussion.
Because the petition to modify in the dissolution proceeding is treated as a distinct and separate legal proceeding, there is no record to support the court’s ruling in this case and, thus, we are compelled to reverse the order. See Matthews v. Matthews, 133 So.2d 91, 96-97 (Fla. 2d DCA 1961) (holding trial court erred by basing its judgment on records from a prior case between the same parties where records were not judicially noticed or made part of the record in case before it), overruled on different grounds by Rigot v. Bucci, 245 So.2d 51 (Fla.1971).
In granting the domestic violence injunction, the trial court overlooked the fact that it had two separate proceedings pending before it. The court had the ability to take judicial notice of the records and proceedings in the dissolution/custody proceeding. See § 90.202(6), Fla. Stat. (2008). To do so, however, in the absence of any special rules of procedures for this type of unified proceeding, the court was required to follow the procedures in section 90.204, which require a court to give the parties notice of his or her intent to rely upon these records and to make these records part of the record in the proceeding. See Maradie v. Maradie, 680 So.2d 538, 542 (Fla. 1st DCA 1996). The trial court’s announcement that it was relying on the testimony of the ten witnesses it heard from during the course of the three-day custody hearing put the parties on notice that this testimony formed part of the basis for the court’s ruling on the injunction. However, the failure to formally take judicial notice of these files and to make them part of the record in this case to support the ruling is fatal.[3] *546 Matthews, 133 So.2d at 96 (quoting Atlas Land Corp. v. Norman, 116 Fla. 800, 156 So. 885, 886 (1934)). Rather, testimony and evidence from other proceedings
*545 “A court should not be required or permitted to browse amongst'its own records ... where the object of the inquiry is to arrive at its own particular judgment in whole or in part on an extraneous record not introduced into the record of the case being considered, nor made part of the record of the pending case_”
*546 “must be proved or in some way directly brought into the record of the pending case by some order of the court referring to and adopting the outside records or proceedings as part of its own record, in order that the appellate court may, in the event of an appeal, know the exact nature, character, scope, and extent of the matters upon which the court below arrived at the decision appealed from and carried on the record to the appellate court.”
Id. at 97 (quoting Atlas Land Corp., 156 So. at 886).
We reverse the order granting the petition for domestic violence because it was entered based on evidence from the custody hearing that is not a part of this record. In essence, the court’s decision was based on impermissible extrajudicial knowledge. See id. On remand, the trial court shall vacate this order.
There is undoubtedly considerable merit in having the judge assigned to a dissolution proceeding also handle claims of domestic violence that arise during the pendency of those proceedings. It is likely that a judge handling a dissolution will have a better sense of whether a domestic violence injunction is actually necessary, whether the petition has been filed for genuine reasons or primarily as a tactic within the divorce, and whether matters that could be resolved in one case or the other are better decided in the dissolution proceeding. Thus, we do not intend by this opinion to discourage this common and sensible practice. This case demonstrates, however, that procedural safeguards are necessary to ensure that respondents in these petitions are on notice of the claims against them and of the evidence that will be used to decide those claims and that the evidence is made part of the record.
Reversed and remanded.
CASANUEVA, C.J., and MORRIS, J., Concur.

. Because that testimony is not in our record, we do not know whether it related to the nine acts or instances of alleged violence contained in the petition or whether it related to other matters.

. We do not overlook that the final injunction may have been "extended” through the issuance of a new final judgment of injunction. The parties to this appeal have not separately appealed such an extension as a final order or supplemented the record with any order extending the injunction. We express no opim ion as to an extension of the injunction.

.Obviously, if the evidence in the other case is not evidence supporting the grounds for the injunction alleged in the petition, but instead is evidence supporting alternative, unpleaded grounds, this would be a separate issue. We have no basis in this record to assume that the trial court was granting an injunction on grounds other than those alleged in Ms.. Coe’s petition.