PER CURIAM.
 

 A jury found appellant John Kimbro guilty of sexual battery of a child and the court sentenced him to life in prison. This court affirmed his direct appeal. Appellant filed a timely 3.850 motion raising five grounds. The lower court summarily denied the motion and attached portions of the record to support denial of one aspect of ground (A) — -that appellant was not prejudiced by defense counsel’s failure to object when the state did not provide notice of intent to offer a child victim’s hearsay statements — and we affirm this denial. The court, however, did not attach record support for its remaining conclusions, and we reverse on that basis.
 

 To affirm the summary denial of a 3.850 motion, “the claims must be either facially invalid or conclusively refuted by the record.” The reviewing court is required to “accept the defendant’s factual allegations to the extent they are not refuted by the record.”
 
 Peede v. State,
 
 748 So.2d 253, 257 (Fla.1999). Appellant alleged facially valid claims that his trial counsel provided ineffective assistance, and the lower court erred by rejecting each claim based upon evidence in the record without attaching those portions of the record that support each ruling.
 
 See Johnson v. State,
 
 679 So.2d 49 (Fla. 1st DCA 1996). In addition, the court did not address appellant’s claim that trial counsel was ineffective for failing to object when the state’s medical expert improperly vouched for the child victim’s credibility. See
 
 Tingle v. State,
 
 536 So.2d 202 (Fla.1988).
 

 We AFFIRM the lower court’s denial of the notice claim in appellant’s ground (A) and REVERSE and REMAND the remaining issues for further proceedings.
 

 DAVIS, PADOVANO, and LEWIS, JJ., concur.