IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROBERTO CARRILLO, JR.,

      Appellant,

 v.

                              Case No.  5D16-2167

SARAH JEAN CARRILLO INDIVIDUALLY
and O/B/O J.L., S.C. and S.C. CHILDREN,

      Appellee.

_____/

Opinion filed December 9, 2016

Appeal from the Circuit Court
for Seminole County,
Michael J. Rudisill, Judge.

Mark A. Skipper, of Law Office of
Mark A Skipper, P.A., Orlando, for
Appellant.

No Appearance for Appellee.

PER CURIAM.

      Robert Carrillo, Jr., appeals the trial court's entry of final judgment of injunction for

protection against domestic violence in favor of Sarah Jean Carrillo. The record in this

case reflects that the trial court, which also presided over three other cases involving the

parties, relied primarily on non-record evidence from those cases to support the final

judgment of injunction. We do not suggest that a trial court cannot rely on records from

other cases involving the same parties to a subsequent injunction proceeding, but it must follow the procedure for taking judicial notice of those records outlined in section 90.204(1), Florida Statutes (2016). "[P]rocedural safeguards are necessary to ensure that respondents in these petitions are on notice of the claims against them and of the evidence that will be used to decide those claims and that the evidence is made part of the record." Coe v. Coe, 39 So. 3d 542, 546 (Fla. 2d DCA 2010). As in Coe, the trial court's failure in this case "to formally take judicial notice of these files and to make them part of the record in this case to support the ruling is fatal." Id. at 545 (footnote omitted). Accordingly, we reverse the final judgment of injunction because no competent, substantial evidence in the record before us supports the trial court's findings.

REVERSED.

LAWSON, C.J., TORPY and WALLIS, JJ., concur.